UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| MARY ANN GRANDOWICZ-RACZ, | Civil Action No.: 18-11993<br>Honorable Arthur J. Tarnow<br>Magistrate Judge Elizabeth A. Stafford |
| Plaintiff | |
| v. | |
| COMMISSIONER OF SOCIAL SECURITY, | |
| Defendant. | |
| _____/ | |

**REPORT AND RECOMMENDATION ON CROSS-
MOTIONS FOR SUMMARY JUDGMENT [ECF. NOS. 14, 20]**

Plaintiff Mary Ann Grandowicz-Racz appeals a final decision of defendant Commissioner of Social Security (Commissioner) denying her application for disability insurance benefits (DIB) and supplemental security income (SSI) under the Social Security Act. Both parties have filed summary judgment motions, referred to this Court for a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). After review of the record, the Court finds that the administrative law judge's (ALJ) decision is supported by substantial evidence, and thus **RECOMMENDS** that:

- Grandowicz-Racz's motion [ECF No. 14] be **DENIED**;

- the Commissioner's motion [ECF No. 20] be **GRANTED**; and

- the ALJ's decision be **AFFIRMED** pursuant to sentence four of 42 U.S.C. § 405(g).

I.  **BACKGROUND**

   A.  **Grandowicz-Racz's Background and Disability Applications**

Born November 18, 1972, Grandowicz-Racz was 40 years old on the alleged disability onset date of October 2, 2013. [ECF No. 7-2, Tr. 10, 26]. She has past relevant work as a night stock supervisor, stock supervisor-retail, assistant retail manager and customer service representative. [*Id.*, at Tr. 26]. Grandowicz-Racz claims disability due to scoliosis, Crohn's disease, fatigue, colitis, and lupus. [ECF No. 7-6, Tr. 283].

After a hearing in September, 2016, during which Grandowicz-Racz and a vocational expert (VE) testified, the ALJ found that she was not disabled. [ECF No. 7-2, Tr. 10-99]. The Appeals Council denied review, making the ALJ's decision the final decision of the Commissioner. [*Id.*, Tr. 1-6]. Grandowicz-Racz timely filed for judicial review. [ECF No. 1].

   B.  **The ALJ's Application of the Disability Framework Analysis**

A "disability" is the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or

can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A);1382c(a)(3)(A).

The Commissioner determines whether an applicant is disabled by analyzing five sequential steps. First, if the applicant is "doing substantial gainful activity," he or she will be found not disabled. 20 C.F.R. §§ 404.1520(a)(4); 416.920(a)(4).[1] Second, if the claimant has not had a severe impairment or a combination of such impairments for a continuous period of at least 12 months, no disability will be found. *Id.* Third, if the claimant's severe impairments meet or equal the criteria of an impairment set forth in the Commissioner's Listing of Impairments, the claimant will be found disabled. *Id.* If the fourth step is reached, the Commissioner considers its assessment of the claimant's residual functional capacity ("RFC"), and will find the claimant not disabled if he or she can still do past relevant work. *Id.* At the final step, the Commissioner reviews the claimant's RFC, age, education and work experiences, and determines whether the claimant could adjust to other work. *Id.* The claimant bears the burden of proof throughout the first four steps, but the burden shifts to

---

[1] Sections 1520(a)(4) and 920(a)(4), which pertain to DIB and SSI respectively, list the same five-step analysis.

the Commissioner if the fifth step is reached. *Preslar v. Sec'y of Health & Human Servs.*, 14 F.3d 1107, 1110 (6th Cir. 1994).

Applying this framework, the ALJ concluded that Grandowicz-Racz was not disabled. At the first step, she found that Grandowicz-Racz had not engaged in substantial gainful activity since the alleged onset date of October 2, 2013. [ECF No. 7-2, Tr. 13]. At the second step, she found that Grandowicz-Racz had the severe impairments of "Crohn's disease, Crohn's-related arthritis/inflammatory arthritis; lumbar degenerative disc disease; and psychological conditions variously described as anxiety and depression." [*Id.*]. Next, the ALJ concluded that none of her impairments, either alone or in combination, met or medically equaled the severity of a listed impairment. [*Id.*, Tr. 14-17].

Between the third and fourth steps, the ALJ found that Grandowicz-Racz had the RFC to perform sedentary work in that:

> [She] can lift, carry, push and pull 10 pounds occasionally and less than 10 pounds frequently. She can sit for 6 hours out of an 8-hour workday and can stand and/or walk for 2 hours out of an 8-hour workday. She must have the ability to alternate between sitting and standing, at her option, every thirty minutes for one to two minutes so long as she is not off task, or has to leave the vicinity of her work station. [She] can never climb ladders, ropes or scaffolds, and can occasionally climb ramps and stairs, balance, crouch, kneel, stoop, and crawl. She can frequently reach overhead with her bilateral upper extremities, occasionally to the rear, and can frequently bilaterally handle, operate hand controls and push and pull. She can have only

4

> occasional exposure to extreme cold, hot, humidity and wetness. She cannot be exposed to vibrations associated with the upper or lower extremities. She cannot walk on uneven terrain or work around unprotected heights or unprotected moving mechanical machinery. She can understand, remember and carry out simple, routine tasks, make judgments on simple work, and respond appropriately to usual work situations and changes in a routine work setting that is repetitive from day to day with few and expected changes. She cannot perform direct public service work but can be in the proximity of the general public on an occasional basis. She can have occasional interaction with supervisors and coworkers.

[*Id.*, Tr. 17-18].

At step four, the ALJ found that Grandowicz-Racz could not perform her past relevant work as a night stock supervisor, stock supervisor-retail, assistant retail manager and customer service representative. [*Id.*, Tr. 26]. At the final step, after considering Grandowicz-Racz's age, education, work experience, RFC and the testimony of the VE, the ALJ determined that there were jobs that existed in significant numbers that Grandowicz-Racz could perform, including positions as order clerk, inspector and assembler, rendering a finding that she was not disabled. [*Id.*, Tr. 27].

## II. ANALYSIS

Under § 405(g), this Court's review is limited to determining whether the Commissioner's decision is supported by substantial evidence and was made in conformity with proper legal standards. *Gentry v. Comm'r of Soc. Sec.*, 741 F.3d 708, 722 (6th Cir. 2014). Substantial evidence is "more

than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Rogers v. Comm'r of Soc. Sec.,* 486 F.3d 234, 241 (6th Cir. 2007) (internal quotation marks and citation omitted). Only the evidence in the record below may be considered when determining whether the ALJ's decision is supported by substantial evidence. *Bass v. McMahon*, 499 F.3d 506, 513 (6th Cir. 2007).

Grandowicz-Racz argues the ALJ erred by failing to order a psychological or psychiatric consultative examination, crafting an RFC without the benefit of a medical RFC assessment and by failing to consider either Grandowicz-Racz's efforts to obtain pain relief or any of the side-effects of her medication. [ECF No. 14]. The Court disagrees, and recommends that the ALJ's decision be affirmed.

### A.

Grandowicz-Racz's contends that the ALJ was obligated to order a psychological or psychiatric examination for her, but this assertion is contrary to the authority in this circuit. The pertinent regulations do not require an ALJ to refer a claimant to a consultative examiner; they merely grant the authority to do so "if the existing medical sources to not contain sufficient evidence to make a determination." *Landsaw v. Sec'y of Health*

6

*and Human Servs.*, 803 F.2d 211, 214 (6th Cir. 1986). And Grandowicz-Racz has "the burden of providing a complete record, defined as evidence complete and detailed enough to enable the [Commissioner] to make a disability determination." *Id.*

The ALJ relied upon the treatment records of Grandowicz-Racz mental health provider, Paul Gutterman, M.D., to determine that her symptoms were well-controlled when she took her prescribed medication properly. "Treatment notes show [her] mood was more stable, she felt less irritable, and she was sleeping better." [ECF No. 7-2, Tr. 23]. The records also reflected that Grandowicz-Racz had full affect, was well-groomed and her psychosis was well-controlled. [*Id.*; ECF No. 7-7, Tr. 476]. The Court finds that the record contained sufficient evidence for the ALJ to make a determination on Grandowicz-Racz's mental impairments, and she did not abuse her discretion in not ordering a consultative mental health examination.

Nor did the absence of a consultative psychological or psychiatric evaluation violate a regulation or statute. Grandowicz-Racz argues that the State Agency failed to comply with 20 C.F.R. § 404.1503(e) and 42 U.S.C. § 421(h) by not obtaining a psychological or psychiatric evaluation in light of evidence of a mental impairment. But subsection (e) of the regulation at

7

issue had been removed from the revised 20 C.F.R. § 404.1503 effective at the time of the ALJ decision. *Cf. Moon v. Comm'r of Soc.Sec.*, 2018 WL1406840, at *3 (E.D. Mich. 2018) (noting that 20 C.F.R. § 404.1503(e), correctly applied in August 2015 ALJ decision, had since been superseded).

And even if 20 C.F.R. § 404.1503(e) were in effect in August 2017—when the ALJ issued her decision—neither that regulation, nor the statute it seemingly implements, 42 U.S.C. § 421(h), applies to proceedings before an ALJ. *See id.*

> *Initial determinations* for mental impairments. *An initial determination by a State agency or the Social Security Administration that you are not disabled (or a Social Security Administration review of a State agency's initial determination),* in any case where there is evidence which indicates the existence of a mental impairment, will be made only after every reasonable effort has been made to ensure that a qualified psychiatrist or psychologist has completed the medical portion of the case review and any applicable residual functional capacity assessment.

20 C.F.R. § 404.1503(e) (emphasis added); accord 20 C.F.R. § 416.903(e). Likewise, 42 U.S.C. § 421(h) says: "*An initial determination under subsection (a), (c), (g), or (i)* shall not be made until the Commissioner of Social Security has made every reasonable effort to ensure—in any case where there is evidence which indicates the existence of a mental

8

impairment, that a qualified psychiatrist or psychologist has completed the medical portion of the case review and any applicable residual functional capacity assessment." 42 U.S.C. § 421(h) (emphasis added).  "Thus, the introductory phrase limits subsection (h)'s "every reasonable effort" requirement to those determinations made pursuant to § 421(a), (c), (g), and (i)."  *Moon*, 2018 WL1406840, at *3.

> Subsections (a), (c), (g), and (i) address, respectively, (1) state-agency determinations, (2) review of such determinations by the Commissioner, (3) initial determinations made by the Commissioner in certain special circumstances, and (4) decisions on review to determine continuing disability. Subsection 421(h) omits subsection (d), which addresses a claimant's right to a hearing before an ALJ…to challenge an initial determination under subsections (a), (b), (c), or (g).

*Lopez v. Comm'r of Soc. Sec.*, 2015 WL 12844407, at * 6 (M.D. Fla. Sept. 25, 2015) (citing 20 C.F.R. §§ 404.1503(e), 416.903(e); and 42 U.S.C. § 421(h)).

Here, the ALJ's review was not an "initial determination" under 42 U.S.C. § 421(a), (c), (g), or (i), but rather a *de novo* review of the State Agency initial determination under subsection (d). 42 U.S.C.§ 421(d). Thus, § 421(h) does not apply to the proceedings.  See *Moon*, 2018 WL1406840, at *3. "[A]s with § 421(h), a number of courts have held that § 404.1503(e) does not apply to ALJ review." *Id.* (citing *Cobb v. Berryhill*, 2017 WL 6492078, at *5 (N.D. Tex. Nov. 29, 2017), *adopted,* 2017 WL

9

6493237 (N.D. Tex. Dec. 15, 2017); *Rodgers v. Colvin*, 2016 WL 4432678, at *9 (D. Conn. Aug. 17, 2016); *Lopez*, 2015 WL 12844407, at *6).

"In reaching this conclusion,…[c]ourt[s] [have] not overlooked the parenthetical in the regulation ('or a Social Security Administration review of a State agency's initial determination')." *Id.* This language accounts for the fact that § 421(h) includes administrative reconsiderations of agency initial determinations. *Id.* But, as noted above, the review at issue was not an initial determination or an agency reconsideration under the statute and regulation, but rather a *de novo* review of the administrative record by an ALJ based on Grandowicz-Racz's challenge of the State Agency's determination. Neither § 421(h) nor § 404.1503(e) required the ALJ to have a psychologist or psychiatrist evaluate Grandowicz-Racz's mental condition as part of her review.[2] *See id.*; *Accord Mathis-Caldwell v. Comm'r of Soc. Sec.*, 2016 WL 2731021, at * 3 (W.D. Mich. May 11, 2016); *Smith v. Comm'r of Soc. Sec.*, 2009 WL 385543, at *4 (W.D. Mich. Jan. 28, 2009).

---

[2] Indeed, it is not at all clear if the Court could reverse and remand the ALJ's decision based upon an error at an earlier stage of the proceedings. *See Lopez*, 2015 WL 12844407, at *6 (n. 5). And because Grandowicz-Racz had not claimed disability due to mental impairment and had not provided evidence to suggest the existence of a mental impairment at the time the State Agency made its initial determination, there may not have been an error at that stage of the proceedings. [ECF No. 7-3, Tr. 100-115].

### B.

Grandowicz-Racz contends that remand is necessary because the ALJ developed the RFC without the benefit of a medical opinion on the limitations caused by her impairments. But the Sixth Circuit has repeatedly "rejected the argument that a residual functional capacity determination cannot be supported by substantial evidence unless a physician offers an opinion consistent with that of the ALJ." *Mokbel-Aljahmi v. Comm'r of Soc. Sec.*, 732 F. App'x 395, 401–02 (6th Cir. 2018). The ALJ is charged with considering all of the evidence and assessing the claimant's RFC. *Coldiron v. Comm'r of Soc. Sec.*, 391 F. App'x 435, 439 (6th Cir. 2010) ("The Social Security Act instructs that the ALJ—not a physician—ultimately determines a claimant's RFC.").

And while Grandowicz-Racz argues that the ALJ failed to sufficiently explain the medical bases for her assessed RFC, she neither suggests nor provides support for a more restrictive RFC, which is her burden. *See Jordan v. Comm'r of Soc.Sec.*, 548 F.3d 417, 423 (6th Cir. 2008). Remand on these grounds is not warranted.

### C.

Grandowicz-Racz next argues that the ALJ failed to consider her persistent efforts to obtain pain relief, thus enhancing her credibility. She

11

complains that the ALJ discounted her attempts to control her symptoms with physical therapy, injections, TENS unit, steroids, anti-inflammatories, and pain relievers. [ECF No. 14, PageID.806].

The ALJ's decision postdates Social Security Ruling 16-3p, which in superseding Social Security Ruling 96-7, eliminates use of the term "credibility" from official policy and clarifies that a "subjective symptom evaluation is not an examination of an individual's character." SSR 16-3p, 2016 WL 1119029, at *1. *See also Rhinebolt v. Comm'r of Soc. Sec.*, 2017 WL 5712564, at *8 (S.D. Ohio Nov. 28, 2017), *adopted*, 2018 WL 494523 (S.D. Ohio Jan. 22, 2018) (noting that under SSR 16-3p, "an ALJ must focus on the consistency of an individual's statements about the intensity, persistence and limiting effects of symptoms, rather than credibility.").

Despite the linguistic clarification, courts continue to rely on pre-SSR 16-3p authority providing that the ALJ's credibility determinations are given great weight. *See, e.g., Kilburn v. Comm'r of Soc. Sec.*, 2018 WL 4693951, at *7 (S.D. Ohio Sept. 29, 2018); *Duty v. Comm'r of Soc. Sec.*, 2018 WL 4442595, at *6 (S.D. Ohio Sept. 18, 2018). Thus, an ALJ's subjective symptom evaluation should not be disturbed "absent compelling reason." *Smith v. Halter*, 307 F.3d 377, 379 (6th Cir. 2001).

When a claimant's subjective complaints regarding her symptoms, their intensity or their persistence are not supported with by objective evidence, the ALJ is required to consider the entire record. *Rogers*, 486 F.3d at 247. "Consistency between a claimant's symptom complaints and the other evidence in the record tends to support the credibility of the claimant, while inconsistency, although not necessarily defeating, should have the opposite effect." *Id.* at 248. The regulations also direct the ALJ to consider the claimant's daily activities, among other factors, when evaluating symptom-related functional limitation. 20 C.F.R. § 404.1529(c)(3).

The Sixth Circuit has ruled repeatedly that the ALJ has "an adequate basis to discount [the claimant's] credibility" because "some of [his] activities were inconsistent with his claims of disabling pain." *Blacha v. Sec'y of Health and Human Servs.,* 927 F.2d 228, 231 (6th Cir. 1990); *see also Walters v. Comm'r of Soc. Sec.,* 127 F.3d 525, 532 (6th Cir. 1997) (finding that the ALJ acted properly when he took into account that claimant could "run all of his errands, walk two miles, prepare all of his meals, and drive three times a week"); *Heston v. Comm'r of Soc. Sec.*, 245 F.3d 528, 536 (6th Cir. 2001) (the ALJ properly "considered [the claimant's] testimony concerning fatigue and shortness of breath in light of other evidence that

[she] regularly walks around her yard for exercise, rides an exercise bicycle, goes to church, goes on vacation, cooks, vacuums, and makes beds").

Here, the ALJ found that Grandowicz-Racz's "statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record for the reasons explained in this decision." [ECF No. 7-2, Tr. 18-19]. The ALJ reasoned that although Grandowicz-Racz's impairments would likely produce symptoms, including pain and fatigue, the duration, frequency and severity of these symptoms did not preclude her from any and all work activity. [*Id.,* Tr. 19]. The ALJ determined that her alleged symptoms were not entirely consistent with her reports that her medications (Humira and Methotrexate) were working well to control her inflammation, that she had no recent flares of Crohn's disease, and that she had not seen a gastroenterologist for "the last few years." *Id. See Strong v. Soc. Sec. Admin.*, 88 F. App'x 841, 846 (6th Cir. 2004) ("In the ordinary course, when a claimant alleges pain so severe as to be disabling, there is a reasonable expectation that the claimant will seek examination or treatment. A failure to do so may cast doubt on a claimant's assertions of disabling pain."). No signs of active inflammatory bowel disease were found during emergency

14

treatment in early 2015, in June 2015 she was not suffering gastrointestinal symptoms and she noted she was not seeing a gastroenterologist and had experienced improvement with symptoms in August 2015. [*Id.*, Tr. 21]. The ALJ also noted that her back pain remained stable with physical therapy and the use of the TENS unit. [*Id.*, Tr. 20-21]. And the ALJ concluded that Grandowicz-Racz's drive from Michigan to Oklahoma and back undercut her testimony that the severity of her symptoms made it impossible for her to drive or sit for long periods of time. [*Id.*, Tr. 22].

The ALJ thus sufficiently detailed the inconsistency between Grandowicz-Racz's claims of disabling symptoms, her testimony regarding the effectiveness of her medications and treatments, her activities, and the medical records. The Court finds no reason to disturb the ALJ's subjective symptom evaluation.

## D.

Finally, Grandowicz-Racz argues that the ALJ committed reversible error by failing to consider how the side effects of her many medications impacted her ability to work. ALJs are required to consider the side effects of medications in evaluating a plaintiff's symptoms. 20 C.F.R. §§ 404.1529(c)(3)(iv); 416.929(c)(3)(iv). But Grandowicz-Racz repeatedly testified that she suffered no side effects from her medications, so the ALJ

15

did not err in omitting a discussion of medication side effects from her decision.[3] [ECF No. 7-2, Tr. 80, 86].

### III.   CONCLUSION

For the reasons stated above, the Court **RECOMMENDS** that Grandowicz-Racz's motion [ECF No. 11] be **DENIED**; that the Commissioner's motion [ECF No. 12] be **GRANTED**; and that the ALJ's decision be **AFFIRMED.**

                                                s/Elizabeth A. Stafford
                                                ELIZABETH A. STAFFORD
Dated: July 12, 2019                    United States Magistrate Judge

### **NOTICE TO THE PARTIES REGARDING OBJECTIONS**

---

[3] The Court is troubled that counsel for Grandowicz-Racz relies increasingly on the same rejected arguments and outdated, superseded or otherwise invalid regulations and rulings in her briefing.  See e.g., *Combs v. Comm'r of Soc. Sec.,* 2109 WL 1503143 (E.D. Mich. Jan. 29, 2019); *Moon,* 2018 WL1406840 (E.D. Mich. 2018); *Thomas v. Comm'r of Soc.Sec.,* 2019 WL 2063836, at *9 (E.D. Mich. Feb. 25, 2019), *adopted*, 2019 WL 1375520 (E.D. Mich. Mar. 27, 2019) (collecting cases); *Stewart v. Comm'r of Soc. Sec.*, 2019 WL 1503127, at *4 (E.D. Mich. Feb. 1, 2019), *adopted*, 2019 WL 1011101 (E.D. Mich. Mar. 4, 2019). Courts in this district have imposed sanctions against attorneys engaging in the lamentable practice of filing cookie-cutter briefs devoid of factual or legal support.  See *Fielder v. Comm'r of Soc. Sec.*, 2014 WL 1207865, at *1, n.1 (E.D. Mich. March 24, 2014) (collecting cases); *Cason v. Colvin*, 2016 WL 6653019, at *2-3 (E.D. Mich. Aug. 9, 2016) (collecting cases). **Counsel is warned that, if she files briefs after the date of this report and recommendation that rely on patently frivolous arguments, this Court will recommend sanctions against her.**

16

Either party to this action may object to and seek review of this Report and Recommendation, but must act within fourteen days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of HHS*, 932 F.2d 505 (6th Cir. 1991)*; United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing objections which raise some issues but fail to raise others with specificity will not preserve all objections that party might have to this Report and Recommendation. *Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). A copy of any objection must be served upon this Magistrate Judge. E.D. Mich. LR 72.1(d)(2).

Each **objection must be labeled** as "Objection #1," "Objection #2," etc., and **must specify** precisely the provision of this Report and Recommendation to which it pertains. Not later than fourteen days after service of objections, **the non-objecting party must file a response** to the objections, specifically addressing each issue raised in the objections in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc. The response must be **concise and proportionate in length and complexity to the objections**, but there is otherwise no page

limitation. If the Court determines that any objections are without merit, it may rule without awaiting the response.

## **CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First-Class U.S. mail addresses disclosed on the Notice of Electronic Filing on July 12, 2019.

                                        s/Marlena Williams
                                        MARLENA WILLIAMS
                                        Case Manager