UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

M**ARY** A**NN** G**RANDOWICZ**-R**ACZ**,

    Plaintiff,

v.

C**OMMISSIONER** OF S**OCIAL** S**ECURITY**,

    Defendant.

_____/

Case No. 18-11993

S**ENIOR** U.S. D**ISTRICT** J**UDGE**
A**RTHUR** J. T**ARNOW**

U.S. M**AGISTRATE** J**UDGE**
E**LIZABETH** A. S**TAFFORD**

**O**RDER **O**VERRULING **P**LAINTIFF'S **O**BJECTIONS **[22]**; **A**DOPTING **R**EPORT AND **R**ECOMMENDATION **[21]**; **D**ENYING **P**LAINTIFF'S **M**OTION FOR **S**UMMARY **J**UDGMENT **[14]**; AND **G**RANTING **D**EFENDANT'S **M**OTION FOR **S**UMMARY **J**UDGMENT **[20]**

Plaintiff, Mary Ann Grandowicz-Racz, applied for disability insurance benefits from the Social Security Administration on March 9, 2015. She alleged that she had been disabled since October 2, 2013. Her claims were denied, and she then requested and received a hearing before an Administrative Law Judge ("ALJ"). The hearing was held on September 2, 2016, in Toledo, Ohio, before ALJ Dianne S. Mantel. On August 30, 2017, the ALJ issued an opinion denying Ms. Grandowicz-Racz's claims. [Dkt. # 7-2]. The Appeals Council denied her request for review on May 21, 2018. Plaintiff timely filed suit under 42 U.S.C. § 405 on June 25, 2018. [Dkt. # 1].

Ms. Grandowicz-Racz's case was assigned to Magistrate Judge Elizabeth A. Stafford for determination of non-dispositive motions pursuant to 28 U.S.C. § 636(b)(1)(A) and issuance of a Report and Recommendation ("R&R") pursuant to 28 U.S.C. § 636(b)(1)(B) & (C). [Dkt. # 3]. Plaintiff filed her Motion for Summary Judgment [14] on November 27, 2019. Defendant filed his Motion for Summary Judgment [20] on February 21, 2019. On July 12, 2019, the Magistrate Judge issued an R&R [22] recommending that Defendant's motion be granted, and that Plaintiff's motion be denied. Plaintiff filed timely objections, to which Defendant has responded.

For the reasons stated below, the Court **OVERRULES** the Objections [22] and **ADOPTS** the R&R [21]. Plaintiff's Motion for Summary Judgment [14] is **DENIED**. Defendant's Motion for Summary Judgment [20] is **GRANTED**.

## FACTUAL BACKGROUND

The Magistrate Judge summarized the factual background of Ms. Grandowicz-Racz's alleged disability and claim as follows.

A. Grandowicz-Racz's Background and Disability Applications

> Born November 18, 1972, Grandowicz-Racz was 40 years old on the alleged disability onset date of October 2, 2013. [ECF No. 7-2, Tr. 10, 26]. She has past relevant work as a night stock supervisor, stock supervisorretail, assistant retail manager and customer service representative. [Id., at Tr. 26]. Grandowicz-Racz claims disability due to scoliosis, Crohn's disease, fatigue, colitis, and lupus. [ECF No. 7-6, Tr. 283].

After a hearing in September, 2016, during which Grandowicz-Racz and a vocational expert (VE) testified, the ALJ found that she was not disabled. [ECF No. 7-2, Tr. 10-99]. The Appeals Council denied review, making the ALJ's decision the final decision of the Commissioner. [Id., Tr. 1-6]. Grandowicz-Racz timely filed for judicial review. [ECF No. 1].

B. The ALJ's Application of the Disability Framework Analysis

A "disability" is the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A);1382c(a)(3)(A).

The Commissioner determines whether an applicant is disabled by analyzing five sequential steps. First, if the applicant is "doing substantial gainful activity," he or she will be found not disabled. 20 C.F.R. §§ 404.1520(a)(4); 416.920(a)(4). Second, if the claimant has not had a severe impairment or a combination of such impairments for a continuous period of at least 12 months, no disability will be found. Id. Third, if the claimant's severe impairments meet or equal the criteria of an impairment set forth in the Commissioner's Listing of Impairments, the claimant will be found disabled. *Id*. If the fourth step is rea 4 the Commissioner if the fifth step is reached. *Preslar v. Sec'y of Health & Human Servs*., 14 F.3d 1107, 1110 (6th Cir. 1994).

Applying this framework, the ALJ concluded that Grandowicz-Racz was not disabled. At the first step, she found that Grandowicz-Racz had not engaged in substantial gainful activity since the alleged onset date of October 2, 2013. [ECF No. 7-2, Tr. 13]. At the second step, she found that Grandowicz-Racz had the severe impairments of "Crohn's disease, Crohn's-related arthritis/inflammatory arthritis; lumbar degenerative disc disease; and psychological conditions variously described as anxiety and depression." [Id.]. Next, the ALJ concluded that none of her impairments, either alone or in combination, met or medically equaled the severity of a listed impairment. [Id., Tr. 14-17].

Between the third and fourth steps, the ALJ found that Grandowicz-Racz had the RFC to perform sedentary work in that:

[She] can lift, carry, push and pull 10 pounds occasionally and less than 10 pounds frequently. She can sit for 6 hours out of an 8-hour

workday and can stand and/or walk for 2 hours out of an 8-hour workday. She must have the ability to alternate between sitting and standing, at her option, every thirty minutes for one to two minutes so long as she is not off task, or has to leave the vicinity of her work station. [She] can never climb ladders, ropes or scaffolds, and can occasionally climb ramps and stairs, balance, crouch, kneel, stoop, and crawl. She can frequently reach overhead with her bilateral upper extremities, occasionally to the rear, and can frequently bilaterally handle, operate hand controls and push and pull. She can have only occasional exposure to extreme cold, hot, humidity and wetness. She cannot be exposed to vibrations associated with the upper or lower extremities. She cannot walk on uneven terrain or work around unprotected heights or unprotected moving mechanical machinery. She can understand, remember and carry out simple, routine tasks, make judgments on simple work, and respond appropriately to usual work situations and changes in a routine work setting that is repetitive from day to day with few and expected changes. She cannot perform direct public service work but can be in the proximity of the general public on an occasional basis. She can have occasional interaction with supervisors and coworkers.

[Id., Tr. 17-18].

At step four, the ALJ found that Grandowicz-Racz could not perform her past relevant work as a night stock supervisor, stock supervisor-retail, assistant retail manager and customer service representative. [Id., Tr. 26]. At the final step, after considering Grandowicz-Racz's age, education, work experience, RFC and the testimony of the VE, the ALJ determined that there were jobs that existed in significant numbers that Grandowicz-Racz could perform, including positions as order clerk, inspector and assembler, rendering a finding that she was not disabled. [Id., Tr. 27].

(R&R 2-5).

## STANDARD OF REVIEW

The Court conducts de novo review of objections to a Magistrate Judge's Report and Recommendation on a dispositive motion. 28 U.S.C. § 636(b)(1)(c).

Judicial review of a decision by a Social Security ALJ "is limited to determining whether the Commissioner's decision is supported by substantial evidence and was made pursuant to proper legal standards." *Cole v. Astrue*, 661 F.3d 931, 937 (6th Cir. 2011) (internal quotation marks omitted). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Heston v. Comm'r of Soc. Sec.,* 245 F.3d 528, 534 (6th Cir. 2001) (internal quotation marks omitted). A reviewing court will affirm the Commissioner's decision if it is based on substantial evidence, even if there is also substantial evidence to support the opposite conclusion. *Colvin v. Barnhart,* 475 F.3d 727, 730 (6th Cir. 2007). On the other hand, the substantial evidence standard "does not permit a selective reading of the record," as the reviewing court's assessment of the evidence supporting the ALJ's findings "must take into account whatever in the record fairly detracts from its weight." *McLean v. Comm'r of Soc. Sec.*, 360 F. Supp. 2d 864, 869 (E.D. Mich. 2005) (quoting *Garner v. Heckler,* 745 F.2d 383, 388 (6th Cir. 1984)). Further, "[a]n ALJ's failure to follow agency rules and regulations denotes a lack of substantial evidence, even where the conclusion of the ALJ may be justified based upon the record." *Cole*, 661 F.3d at 937 (internal quotation marks and citations omitted).

## ANALYSIS

Plaintiff has objected to the R&R on the grounds that the Magistrate Judge erred when she found that the ALJ's decision was supported by substantial evidence. Specifically, Plaintiff argues that the ALJ performed an incorrect subjective symptom evaluation. As the Magistrate Judge explained, Social Security Ruling 13-3p has superseded Social Security Ruling 96-7 and eliminated the term "credibility" in order to clarify that a "subjective symptom evaluation is not an examination of an individual's character." (R&R at 12). In evaluating a claimant's reported symptoms, ALJ's are required to consider the symptoms' consistency with the broader record, including objective medical evidence and other claimant testimony. 20 C.F.R. § 404.1529(c)(3).

Plaintiff summarizes these symptoms as follows.

> Plaintiff testified compellingly that her pain radiates from her hips and goes down her legs (R. 7-2, Tr. 61). The pain is constant. *Id*. Her fingers also swell or feel bruised. Id. This can last up to 10 hours at a time (R. 7-2, Tr. 62). She has difficulty holding objects and drops cups. *Id*. Her feet also swell (R. 7-2, Tr. 64). Her stomach is distended as if she is pregnant (R. 7-2, Tr. 66). When Plaintiff gets bad swelling, she simply lies in bed (R. 7-2, Tr. 81). This occurs about two days a week. *Id*.
> Plaintiff has to use the bathroom every 30 minutes in a day (R. 7-2, Tr. 82). When Plaintiff sits on the toilet, her legs go numb. *Id*. She experiences cramping and nausea (R. 7-2, Tr. 83). Although Plaintiff takes anti-nausea medication, it usually does not work. *Id*. Plaintiff experiences extreme dizziness (R. 7-2, Tr. 83-84). This can prevent her from walking when she wishes to walk. *Id*.

(Dkt. # 22, pg. 4).

The Magistrate Judge certainly considered the recitation of the testimony above, because with the exception of the word "compellingly," it is identical to language in Plaintiff's Motion for Summary Judgment. (See Dkt. # 14, pg. 4-5). Indeed, the Magistrate Judge found that the ALJ based her decision to discount Plaintiff's accounts of her symptoms on sufficient evidence. The ALJ found that Ms. Grandowicz-Racz's "statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record for the reasons explained in this decision." (TR. 18-19).

The Magistrate Judge summarized many of those reasons in the R&R. First, a June 24, 2014 treatment record found that "Crohn's GI and arthritis symptoms relatively well controlled on Humira and 6 tabs MTX a week." (Tr. 365). The ALJ further noted that at that time claimants' fatigue was more likely related to personal and professional stresses and medication side-effects than a permanent disabling condition. (Tr. 20). Second, the ALJ found that Plaintiff's decision to stop seeing her gastroenterologist was inconsistent with the continuous abdominal pain she described. (R&R at 14). Third, the ALJ found that her testimony that she would need to be excused from work every 30 minutes is belied by earlier reports to her rheumatologist that she had three stools per day. (Tr. 21 citing Tr. 403). An April 2015 upper and lower endoscopy were

"unremarkable" and "small bowel follow-through were normal as well." (Tr. 403). Dr. Joseph found "no evidence of active Crohn's disease" despite "continuous abdominal pain with loose stools." (Id.). A February 2015 colonoscopy turned out "essentially normal." (Tr. 438).

Fourth, the ALJ found that the "record does not demonstrate [Plaintiff] has the significant limited range of motion, muscle spasms, muscle atrophy, motor weakness, sensation loss, or reflex abnormalities, which are associated with intense and disabling pain." (Tr. 22). The ALJ derived this opinion from her review of Dr. Dhillon's treatment notes. (Id. citing Tr. 559-60). Those notes, from December 8, 2015, indicate that claimant exhibited a normal range of motion and that no further immunosuppression medications or pain medications were warranted. (Id.). Fifth, and finally, the ALJ found that Plaintiff's testimony about her habits, daily routines, and activities were inconsistent with her subjective symptom evaluation. (Id.). Plaintiff drove to Oklahoma for vacation during the period of her alleged disability; she can lift a case of soda, which weights 20 pounds; and she can do some yardwork and housework. (Id.). Following a March 15, 2017 appointment, examining physician Clifford Buchman, D.O., found that Plaintiff's gait and reflexes were normal. (Tr. 22 citing Tr. 717-20, 731-32). Dr. Buchman found that despite Plaintiff's subjective complaints, she did not suffer from low-back radiculopathy. (Tr. 732).

For the above five reasons, the ALJ's subjective symptom evaluation was supported by substantial evidence. The Magistrate Judge correctly found that the ALJ acted within her statutory authority when she chose not to incorporate all of Plaintiff's subjective reports of her pain and limitations into the Residual Functional Capacity analysis. Plaintiff's objection does nothing to cast doubt on this conclusion.

Accordingly,

**IT IS ORDERED** that the Report and Recommendation [21] is **ADOPTED** and entered as the conclusions and findings of the Court. Plaintiff's Objections to the R&R [22] are **OVERRULED**.

**IT IS FURTHER ORDERED** that Defendant's Motion for Summary Judgment [20] is **GRANTED**. Plaintiff's Motion for Summary Judgment [14] is **DENIED**.

**SO ORDERED**.

s/Arthur J. Tarnow
Arthur J. Tarnow
Dated: August 29, 2019　　　　　　　　Senior United States District Judge